UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DONALD F. JANISH,**<br><br>                              Plaintiff,<br><br>   -vs-<br><br>**SCOTT LOWERY LAW OFFICE, P.C.,**<br>**a.k.a. SCOTT LOWERY LAW OFFICES,**<br>**P.C., a.k.a. P. SCOTT LOWERY, P.C.,**<br><br>                              Defendant. | *Civil Action No.* _____ |

### COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Donald F. Janish brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Donald F. Janish (hereinafter "Don Janish") is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Scott Lowery Law Office, P.C. a.k.a. Scott Lowery Law Offices, P.C., a.k.a. P. Scott Lowery, P.C., (hereinafter "Lowery, P.C.") is a foreign business corporation organized and existing under the laws of the State of Colorado and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

1

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

### FACTUAL ALLEGATIONS

8. That Plaintiff Don Janish allegedly incurred and later defaulted on a credit card debt to Chase Bank. Said alleged debt will hereinafter be referred to as "the subject debt."

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That upon information and belief, Defendant Lowery, P.C. was thereafter employed by Chase Bank or a subsequent account holder of the subject debt, following Plaintiff's alleged default in order to collect payment.

11. That Defendant Lowery, P.C. thereafter began calling Plaintiff Janish repeatedly in an attempt to collect payment of the subject debt.

12. That on or about May 26, 2009, a female representative for Defendant Lowery, P.C., named "Virginia Ferguson" called and spoke with Plaintiff Janish by telephone.

13. During the aforesaid telephone conversation, Ms. Ferguson failed to disclose the purpose of her call but instead began questioning Plaintiff Janish extensively. Plaintiff Janish, not wanting to divulge information to an unknown individual, thereafter refused to provide answers to Defendant's questions and repeatedly asked whether Defendant would like to leave a message. Instead of leaving a message, Defendant proceeded to engage in a string of insulting and degrading remarks to Plaintiff Janish, including the following:
    a. "Why are you hiding behind the phone?"
    b. "Why don't you be a man?"
    c. "You're sixty-eight years old, but you should go back to kindergarten."
    d. "You need to grow up."
    e. "I will call your neighbors, I will call your relatives. I know what color your house is, I know where you work, I know what time you go out and come back in!" *(or words to that effect).*
    f. "I can take all day, because I get paid a lot of money to talk to you, and you are going to answer my questions."

14. That Ms. Ferguson thereafter repeatedly requested confirmation of Plaintiff Janish's mailing address, repeatedly stated that she was in possession of Plaintiff's full credit report and

Social Security number, and proclaimed "My company and I could get fined $10,000.00 if this isn't Donald on the phone."

15. That upon finally asking Ms. Ferguson why she was calling, Plaintiff Janish was informed that Defendant was calling "about civil litigation." After a brief pause and a yet another request that Defendant simply leave a message, Ms. Ferguson mockingly asked, "Are you scared?" Shortly following said statement, Plaintiff's telephone battery died and said telephone conversation was ended.

16. That despite Defendant's aforementioned statement "about civil litigation," Defendant Lowery, P.C. lacked both the intent and authority to pursue such action and simply used said false representation in an attempt to frighten Plaintiff Janish.

17. That at no time during the aforesaid said telephone conversation did Defendant provide meaningful disclosure of the caller's identity, nor did Defendant disclose that the call was from a debt collector.

18. That the very next day, Defendant Lowery, P.C. once again called and spoke with Plaintiff Janish by telephone. During said call, Plaintiff spoke with an individual who identified herself as "Betty Washington." Ms. Washington stated that she was following up for "Virginia," stated that she was attempting to collect on the subject debt and thereafter repeatedly demanded payment. Plaintiff Janish explained that he was disabled, could not afford to make any payments and thereafter ended the call.

19. That later that same day however, Defendant Lowery, P.C. once again called and spoke with Plaintiff in an attempt to collect payment of the subject debt. Said representative for Defendant simply identified herself as "Kirsten." During said telephone call, Kirsten repeatedly demanded payment of the subject debt and directed Plaintiff Janish to borrow money from relatives. On several occasions during said telephone call, Kirsten asked Plaintiff to "hold" in order allow her time to speak with "the attorney" privately. Upon returning to the line, Kirsten would thereafter proceed to offer settlement amounts for the debt. After extending a final settlement offer to Plaintiff with no success, Kirsten informed Plaintiff Janish that "the attorney" was "only giving [him] 24 hours to accept the offer."

20. That Defendant's representations that "the attorney" was only giving Plaintiff 24 hours to accept their settlement offer, in conjunction with Ms. Ferguson's prior representations regarding "civil litigation" led Plaintiff to believe that legal action would proceed immediately following the aforementioned deadline if he was unable or unwilling to pay.

3

21. That despite Kirsten's aforementioned representation, Defendant Lowery, P.C. lacked both the intent and/or authority to pursue legal action against Plaintiff Janish following the 24-hour deadline given by Defendant.
22. That at no time did Defendant provide Plaintiff Janish with a written notice of the subject debt, as required by 15 U.S.C. §1692g(a).
23. That as a result of Defendant Lowery, P.C.'s deceptive, abusive and unfair conduct, Plaintiff Janish became anxious, upset, embarrassed and otherwise suffered from emotional distress.

### CAUSE OF ACTION

24. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:
25. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by repeatedly using language the natural consequence of which was to abuse Plaintiff Janish, by telling Plaintiff that Ms. Ferguson's call was "about civil litigation" and thereafter mockingly asking Plaintiff, "Are you scared?", by telling Plaintiff that "the attorney" was giving him 24 hours to accept their offer to settle the debt, and by making the following various statements:
    a. "Why are you hiding behind the phone?"
    b. "Why don't you be a man?"
    c. "You're sixty-eight years old, but you should go back to kindergarten."
    d. "You need to grow up."
    e. "I will call your neighbors, I will call your relatives. I know what color your house is, I know where you work, I know what time you go out and come back in!" *(Or words to that effect).*
    f. "I can take all day, because I get paid a lot of money to talk to you, and you are going to answer my questions."
26. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff's telephone to ring and otherwise repeatedly and continuously engaging Plaintiff in conversation with the intent to annoy, abuse and harass Plaintiff Janish.
27. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f by using false, misleading and/or deceptive acts or practices in an attempt to collect the subject debt by leading Plaintiff to believe that Defendant was authorized and primed for civil litigation if payment were not made right

away and by otherwise threatening to contact Plaintiff's neighbors and relatives, despite the fact that such conduct is expressly prohibited by §1692b of the FDCPA.

28. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to disclose in the initial communication with Plaintiff that the debt collector was attempting to collect a debt and any information obtained will be used for that purpose and by failing to disclose in subsequent communications with Plaintiff that the communications were from a debt collector.

29. Defendant violated 15 U.S.C. §1692g(a)(1), 15 U.S.C. §1692g(a)(2), 15 U.S.C. §1692g(a)(3), 15 U.S.C. §1692g(a)(4) and 15 U.S.C. §1692g(a)(5) by failing to provide Plaintiff a written notice of his debt within five days of their initial communication.

30. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff Janish became anxious, upset, embarrassed and otherwise suffered from emotional distress.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Don Janish respectfully requests that this honorable Court enter judgment against Defendant Lowery, P.C. for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

### JURY DEMAND

Please take notice that Plaintiff Janish demands a trial by jury in this action.

Date: May 29, 2009

/s/ Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
716.200.1520